Samuel **BRISKER**, et al. and Sidney **Heller**, et al., Appellants,

v.

**DISTRICT OF COLUMBIA, Appellee.**

Nos. 85–487 to 85–489, and 85–829.

District of Columbia Court of Appeals.
Argued April 17, 1986.
Decided June 18, 1986.

---

Susan S. Magazine, with whom Bruce Magazine, Rockville, Md., was on the briefs for appellants and cross-appellees.

Julia L. Sayles, Asst. Corp. Counsel, with whom John H. Suda, Acting Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Lutz Alexander Prager, Asst. Corp. Counsel, Washington, D.C., were on the brief for appellee and cross-appellant.

Before NEWMAN, FERREN, and BELSON, Associate Judges.

BELSON, Associate Judge:

The District of Columbia appeals from a decision of the Superior Court Tax Division invalidating the 1983 assessment of properties owned by cross-appellants Samuel Brisker and Sidney Heller (hereinafter taxpayers). The taxpayers appeal from a decision of that same court upholding the 1984 assessments. We affirm.

Taxpayers here were the respective owners of two small two-story commercial buildings in downtown Washington. For tax year 1982, the Brisker property was assessed at $221,800, the Heller property $247,000. For 1983, the District's assessor revalued the Brisker property at $480,000, the Heller property at $485,000. Taxpayers timely appealed the assessments to the Board of Equalization and Review. The Board sustained the assessments. Taxpayers prepaid their taxes and brought their appeals in the Superior Court Tax Division. The cases were consolidated for trial.

While the appeals on the 1983 assessments were pending, the District sent out tax assessment notices for the 1984 tax year. Each property's assessment was identical to its assessment for tax year 1983.

At trial, taxpayers presented testimony from an expert who, using an income capitalization method, valued the Brisker property at $160,850, and the Heller property at $175,000 for tax year 1983. The District's assessor testified for the District; he testified that he had used the comparable sales or market data approach in valuing the properties. Based on recent sales of nine neighboring properties and the square footage of the properties, he determined that the Brisker property was worth $480,000, the Heller property $485,000.

The trial court found, however, that two of the sales the District's assessor had used for comparative purposes had taken place beyond the statutory date of valuation. The trial court also questioned his use of the comparable sales methodology, noting that the other properties may not have been sufficiently comparable to the

Brisker and Heller properties. The court therefore rejected the District's assessments.

The court also concluded that the value assigned by Brisker and Heller's expert lacked a satisfactory foundation, pointing out that the taxpayers' expert failed to take several factors into account, *viz*, the income generated by a store located on one of the properties, the maximum income the properties could produce, and the effect of escape clauses in long term leases permitting the taxpayers to cut the lease terms short. Given the state of the record, the court canceled the 1983 assessments, and applied the 1982 final assessments to the 1983 tax year.

The taxpayers then submitted a proposed order for a refund of taxes not only for taxes paid in 1983, but also for those covering tax year 1984, arguing that because the 1984 assessments were identical to the invalid 1983 assessments, the court should cancel the later assessments also. The court held a further evidentiary hearing at which the District's assessor testified that he had in fact revalued the properties for 1984 and concluded that they were worth $480,000 and $485,000 respectively, exactly the same amounts as the 1983 assessments. The assessor acknowledged that he had looked at the 1983 assessments in determining the 1984 assessments. The trial court found that the assessor had performed a lawful reassessment for tax year 1984, and rejected the taxpayers' proposed order for a refund of their 1984 taxes. Instead, the court directed that they submit an order for a refund of their 1983 taxes.[1]

The taxpayers appeal from the trial court's decision rejecting their proposed order including a refund for tax year 1984; the District appeals the trial court's decision rejecting its 1983 assessments.

■ We turn first to the District's contention that the trial court erred in canceling the 1983 assessments. The District argues that its 1983 assessments were amply supported by the evidence. The trial court found, however, that the reliability of the assessments were compromised because the assessor had relied in part on sales which had taken place after the statutory valuation date and because some of the sales were not of sufficiently comparable properties. Therefore, the court found the 1983 assessments invalid. We defer to the trial court's factual determination. *District of Columbia v. National Bank of Washington*, 431 A.2d 1, 3 (D.C.1981).

■ The District also contends that, regarding the 1983 assessments, the taxpayers failed to carry their burden of proof. The District argues that because the court determined that the taxpayers failed to establish the correct value of their properties, the court erred in requiring the District to prove the validity of its assessments. We cannot agree. The taxpayers were not required to establish the correct value of their property in order to meet their burden of proof; rather, the taxpayers bore the burden of proving the incorrectness of the government's assessment. *See Petworth Pharmacy, Inc. v. District of Columbia*, 355 A.2d 256, 258 (D.C.1975); *see also Automatic Enterprises, Inc. v. District of Columbia*, 465 A.2d 388, 391 (D.C.1983), *Pepsi-Cola Co. of Washington, D.C. v. District of Columbia*, 119 U.S. App. D.C. 73, 337 F.2d 109 (1964). The taxpayers met that burden when the evidence showed that the District's 1983 valuation was flawed.

The District's final contention is that the trial court erred in simply canceling the 1983 assessments and allowing the 1982 assessments to remain in effect. Rather, the District urges, the court should have conducted whatever additional proceedings were necessary to enable it to arrive at a valuation for tax year 1983.

D.C.Code § 47–3305 authorizes the trial court to affirm, cancel, reduce or increase

---

**1.** The trial court, apparently by inadvertence, also directed taxpayers to submit a proposed order granting a partial refund of their 1982 taxes, which were not in issue.

an assessment.[2] The statute thus provides the court with broad discretion in a situation like this where it has held that both the District's proposed assessment and the taxpayers' proffered alternative assessment are flawed. In such an instance, the trial court is free to direct that the case be reopened and free even to call its own witnesses in order to create a record that will support its valuation. Another option is for the court simply to cancel the District's proposed assessment, leaving in place the last assessment carried out in accordance with the statute. *See District of Columbia v. Burlington Apartment House*, 375 A.2d 1052, 1056 (D.C.1977) (en banc).[3] The decision whether to hold a further evidentiary hearing or to cancel the proposed assessment is entrusted to the discretion of the trial court, *see id.* at 1057 (trial court permitted broad action to ensure lawful and fair imposition of taxes) and we will reverse the court's decision only for abuse of discretion.

▮▮ Here, the trial court, after reviewing the reports submitted by the taxpayers' experts and the District's assessors, found the District's 1983 assessments flawed, canceled the assessments, found the evidence supporting the taxpayer's proposed assessments unconvincing, and decided to leave in force the 1982 assessments until the District conducted a valuation according to law. We cannot say on this record that the trial court abused its discretion in so doing. *See Johnson v. United States*, 398 A.2d 354, 361 (D.C.1979) (decision-maker exercising discretion has ability to choose from range of permissible options).

To hold otherwise would be to rule that the trial court was required either to call its own witnesses in order to make an adequate record or to direct the parties to come forward with additional evidence in an effort to remedy shortcomings the court identified in their respective showings. We decline to find an abuse of discretion in these circumstances.

We next consider the taxpayers' assertions that under this Court's decision in *District of Columbia v. Burlington Apartment House Company, supra,* the District's 1984 assessments were invalid because they were the same as the invalid 1983 assessments. *Burlington* did not hold, as taxpayers assert, that subsequent assessments that are identical to the assessment found invalid are themselves necessarily invalid. Rather, *Burlington* held that when the trial court finds an assessment invalid and itself sets a valuation, that "valuation must constitute the continuing basis for taxation until there is a superceding valuation which has been made according to law." *Burlington,* 375 A.2d at 1056. After an invalid assessment, the law requires the District to make a new valuation in accordance with the statute. *Id.* Here, with respect to the 1984 assessments, the trial court found that the District had made such a new valuation based on comparable sales, notwithstanding the assessor's testimony that in the course of doing so, he had looked at the 1983 assessments.

▮▮ In an appeal from a decision of the Tax Division in a civil tax case, we adhere

---

2. D.C.Code § 47–3305 imports the remedies specified in § 47–3303. *See District of Columbia v. Burlington Apartment House,* 375 A.2d 1052, 1056 (D.C.1977) (en banc).

3. In *Burlington,* we held that "a final judgment of the Superior Court on the lawful assessment of a particular property must be treated in the same manner as an equalized assessment form the Board, that is, it becomes the basis for taxation until a subsequent reassessment has been made according to law." *Burlington,* 375 A.2d at 1056. We deem it equally reasonable to hold that the last valid assessment carried out

by the District becomes the basis for taxation until a valid subsequent reassessment. (The record before us does not indicate any appeal of the 1982 assessment; therefore, we assume the effective 1982 assessment was by the District.) As the statutory scheme vests the trial court with discretion to "affirm, cancel, reduce, or increase the assessment," *see supra* note 2, we are satisfied that the court is authorized to cancel the District's challenged reassessment if it finds that the assessment has not been carried out in accordance with the statute, and to leave in place the last valid assessment.

to the standard of review applicable to other decisions of the Superior Court in civil cases tried without a jury. D.C.Code § 47–3304(a) (1981); *District of Columbia v. National Bank of Washington,* 431 A.2d at 3. We will not disturb the factual findings of the trial court unless they are plainly wrong or without support in the record. *Id.* The trial court's finding that in arriving at the assessments for 1984 the assessor relied on comparable sales, and not the previous assessments, is not plainly wrong, and we decline to disturb it.

In view of the foregoing, we affirm the trial court's decision in all respects.

*Affirmed.*